IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HELEN TONIQUE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-03296 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CHILDREN AND FAMILY | ) |
| SERVICES, ILLINOIS | ) |
| DEPARTMENT OF HUMAN | ) |
| RIGHTS, and EDWARD D. | ) |
| WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the motion to dismiss (d/e 9) filed by the Illinois Department of Children and Family Services and the Illinois Department of Human Rights.  For the reasons stated below, the motion to dismiss (d/e 9) is GRANTED.

I.    INTRODUCTION

Plaintiff Helen Tonique Williams filed her Complaint (d/e 1) on December 20, 2019.  Plaintiff claims that she was "never allowed to have any knowledge of or about [her] biological family" and was

"sent to a abusive home"—the home of Edward D. Williams, Senior, who is also named as a Defendant. Ms. Williams claims that, "from the ages of 3 to 17," she "was child abuse, trafficed, and held hostage for contraband." D/e 1, p. 2. Plaintiff claims that the Illinois Department of Child and Family Services ("DCFS") is responsible for the harm done to her "because DCFS . . . placed me in the care of the Williams family/foster family." Id.

Plaintiff further claims that the Illinois Department of Human Rights ("DHR") is responsible for her injuries because DHR "worked with the foster care family during my adoption and after I aged out" and because DHR "used my paperwork as contraband and allowed the foster family members and Edward D. Williams to represent me meanwhile dismissing" the Human Rights complaints that Plaintiff filed with DHR. Id., p. 3.

## II. LEGAL STANDARD

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Alicea-Hernandez v. Catholic Bishop

of Chi., 320 F.3d 698, 701 (7th Cir. 2003).  The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014).  "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Alicea-Hernandez, 320 F.3d at 701.

### III.  ANALYSIS

DCFS and DHR (together, "the Agencies") have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction over this case due to sovereign immunity afforded to the State of Illinois under the Eleventh Amendment.

The Eleventh Amendment provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI.  In short, the Eleventh Amendment limits a federal court's jurisdiction over suits against a state by a foreign state, citizens of another state, and the state's own citizens.

MCI Telecommunications Corp. v. Illinois Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000). As such, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Bd. Of Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc., 653 F.3d 448, 457 (7th Cir. 2011). The immunity "also bars federal jurisdiction over suits against state officials acting in their official capacities when the state is the real party in interest." MCI Telecommunications, 222 F.3d at 337. However, the immunity is not without exception.  See id. ("Congress may exercise its power under the Fourteenth Amendment and thereby authorize private suits against unconsenting states.").  A state also may waive its immunity from suit.  Additionally, the Ex parte Young doctrine allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.") (internal citations omitted).

The Agencies argue that they are part of the State of Illinois' executive branch.  See 20 ILCS 5/5–15 ("The Departments of State government are created as follows: . . . The Department of Children and Family Services . . . The Department of Human Rights.")  As such, the Agencies contend that a citizen of the State of Illinois has

brought suit against two state departments without the consent of the departments.

The Court finds that Eleventh Amendment does apply without any exception in this case as both the DCFS and HDR are departments of Illinois' executive branch. As the Agencies have not consented to this lawsuit, the Agencies are afforded sovereign immunity from Plaintiff's lawsuit. Plaintiff bears the burden of proving that subject matter jurisdiction exists, and Plaintiff has not argued that any exception to sovereign immunity applies here. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Agencies.

## IV.   CONCLUSION

For the reasons stated, the motion to dismiss (d/e 9) filed by the Illinois Department of Children and Family Services and the Illinois Department of Human Rights is GRANTED. Plaintiff's claims against the Illinois Department of Children and Family Services and the Illinois Department of Human Rights are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

ENTER:  March 4, 2021

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE