IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HELENE TONIQUE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-03296 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CHILDREN AND FAMILY ) | |
| SERVICES, ILLINOIS ) | |
| DEPARTMENT OF HUMAN ) | |
| RIGHTS, and EDWARD D. ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Helene Tonique Williams is proceeding pro se and in forma pauperis on the grounds of indigency. On March 4, 2021 this Court granted the motion to dismiss filed by Defendants Illinois Department of Child and Family Services and Illinois Department of Human Rights. Plaintiff's claims against Defendant Edward D. Williams, Sr. remain pending. Defendant Williams has not entered an appearance in this matter.

A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2). Accordingly, this Court reviews the Complaint to ensure that a federal claim is stated and that the action is not frivolous or malicious. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff alleges that Defendant Williams, who apparently is or was Plaintiff's foster father, is an "ex employee of the Chicago Secret Service (federal)" who "sexualy [sic] abused, child abused, and child sex trafficed [sic]" her when she was between 3 and 17 years old, "lied about being born in Illinois and was from Mississippi" in order to steal Plaintiff's "birth and citizen rights," and "held me hostage after my foster mother died" when he should have "return[ed] me back to the State of Illinois." D/e 1, p. 2.

Since the statute of limitations is an affirmative defense under Fed.R.Civ.P. 8(c), it would be inappropriate for the Court to dismiss Plaintiff's Complaint sua sponte on timeliness grounds. See <u>Miles v. WTMX Radio Network</u>, No. 02 C 427, 2002 WL 1759802, at *2 (N.D. Ill. July 30, 2002). Nevertheless, the Court observes that Plaintiff's claims against Defendant Williams are almost certainly barred by the various applicable statutes of limitations. Plaintiff was born in February 1985 and attained majority in February 2003. <u>See</u> d/e 16, p. 8. The limitations period for any claim arising from injuries that occurred when Plaintiff was between the ages of 3 and 17 would therefore begin to run in February 2003. Plaintiff filed her Complaint on December 20, 2019, meaning that Plaintiff's claims are untimely if they are subject to a limitations period of less than 16 years and 9 months. 18 U.S.C. § 2255, which provides a civil remedy for personal injuries suffered by minor victims of sex trafficking and sexual abuse, is governed by a ten-year statute of limitations. 18 U.S.C. § 2255(b).

This lawsuit is one of a series of lawsuits that Plaintiff began to file in the Central District of Illinois in order to circumvent the filing restrictions placed on Plaintiff in the Northern District of

Illinois as a consequence for repeatedly filing frivolous lawsuits. See Williams v. Preckwinkle, 782 F. App'x 493 (7th Cir. 2019), reh'g denied (Nov. 14, 2019).  The Complaint does contain some serious allegations of sexual abuse alongside more fantastic claims, but due to the lack of detail, sense, or structure the Court finds that Plaintiff has not stated a claim that is plausible on its face.

**IT IS ORDERED:**

1. This case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

2. All pending motions are DENIED AS MOOT.

3. The clerk is directed to close this case and enter judgment.

ENTER:  March 22, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE